IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-175-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| MARCUS WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Fayetteville Police Department assigned to the task force with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a one-count indictment on 27 August 2014 with possession of a firearm and ammunition by a convicted felon on 4 December 2013 in violation of 18 U.S.C. §§ 922(g) and 924. The evidence presented at the hearing showed that the charges arise from a

traffic stop of a car defendant was driving on the alleged offense date. Police stopped the car because they believed, erroneously as it turned out, that a murder suspect was inside. Prior to the stop, as an officer pursued the car in his vehicle, the car accelerated and slowed several times. Two handguns, one a .22 caliber Ruger, were later located along the side of the road where the car had travelled before being stopped. The handguns were dry, whereas the ground was wet. One of the passengers saw defendant throw something from the car one of the times it slowed down. Inside the car, there was a bag of .22 caliber rounds in a clear plastic bag in the driver's side door panel. At the time of the stop, defendant had been convicted of at least one crime punishable by a term of imprisonment exceeding 12 months.

In a post-arrest statement defendant made to police, he admitted to ownership of one of the handguns. He stated that he had it with him because he was driving to an area where here had recently been several murders and wanted it for protection. He stated that when he was at home, he stored the gun in the woods because he knew he was not permitted to have it.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including his apparent throwing of at least the Ruger out of the car, his having the Ruger with him for protection, and his awareness of the impermissibility of his possessing any firearms; defendant's criminal record, including four felony convictions (one for possession of a firearm by a convicted felon and another for assault with a deadly weapon inflicting serious injury), three misdemeanor convictions, two revocations of post-conviction release, and multiple failures to appear; the danger of continued gun-related offense

2

conduct by defendant if released; defendant's substance abuse history; the unsuitability of the proposed third-party custodial arrangement due to the presence of the proposed custodial home in the same community (Fayetteville) in which the alleged offense conduct occurred, defendant's commission of all his prior felonies while living in the proposed custodial home (suggesting a lack of influence of the proposed custodian over him), the regular absence of the proposed custodian from the home for work, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of February 2015.

James E. Gates
United States Magistrate Judge